UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM B. MILLER #12263-040,

    Movant,

                              File No. 1:07-CV-763

v.

                              HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                               /

## **O P I N I O N**

This matter is before the Court on Movant Adam B. Miller's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Movant filed his § 2255 motion on August 7, 2007. (Dkt. No. 1.) The United States filed a response on January 14, 2008. (Dkt. No. 8.) Movant filed a reply to the response on February 15, 2008. (Dkt. No. 12.) For the reasons that follow, Movant's § 2255 motion will be denied.

### **I. Background**

On May 27, 2005, in accordance with a plea agreement, Movant pleaded guilty to conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (File No. 1:05-CR-77, Dkt. No. 39, 05/27/2005 Plea Agreement 1.) Movant also pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.*) Although Movant withdrew his plea to being a felon in possession

of a firearm on October 27, 2005, he later reentered that plea on the date of his sentencing. (File No. 1:05-CR-77, Dkt. No. 79, 11/02/2005 Sentencing Tr. 2:18-3:12.) On November 2, 2005, the Court sentenced Movant to 92 months in prison and three years of supervised release, and imposed a $1,700 fine. (*Id.* at 27:9-29:5.) The Sixth Circuit affirmed Movant's conviction and sentence on appeal. *United States v. Miller*, No. 05-2573, slip op. at 4 (6th Cir. Dec. 6, 2006).

Movant's § 2255 motion asserts the following grounds on which he contends his sentence should be vacated, set aside, or corrected: (1) enhancement of Movant's sentencing guidelines offense level in violation of *Booker*, (2) ineffective assistance of trial counsel for failing to object to the offense-level enhancements, and (3) ineffective assistance of appellate counsel for withdrawing from appeal.

## II. Legal Standard

A prisoner who moves to vacate his sentence under § 2255 must show that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.

28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner must clear a significantly higher hurdle than would exist on direct appeal.

*United States v. Frady*, 456 U.S. 152, 166 (1982). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In addressing a motion to vacate or correct a sentence, a court should grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In addition, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Generally, a petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only

3

if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel; such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 509 (2003).

### III. Analysis

**A. Ground One: Error in Enhancing Movant's Sentencing Guidelines Offense Level**

Movant contends that the Court's enhancements of his offense level pursuant to sections 2K2.1(b)(4) and 2K2.1(b)(5) of the Sentencing Guidelines are unconstitutional in violation of *United States v. Booker*, 543 U.S. 220 (2005), because Movant did not stipulate to the enhancements, and because no jury found Movant guilty of conduct deserving of the enhancements.[1] Section 2K2.1(b)(4) of the Sentencing Guidelines increases the offense level if the firearm involved in an offense was stolen, and section 2K2.1(b)(5) increases the offense level if the defendant "used or possessed any firearm . . . in connection with another felony offense . . . ." U.S.S.G. §§ 2K2.1(b)(4), 2K2.1(b)(5) (2005). The government correctly asserts that the challenge to his sentence based on the foregoing offense-level enhancements is barred because it was already considered and rejected on direct appeal. *See United States v. Miller*, No. 05-2573, slip op. at 3-4 (6th Cir. Dec. 6, 2006). On direct

---

[1]Initially, Movant also asserted a claim that the Court erred in applying the Sentencing Guidelines as mandatory. However, Movant conceded this issue in his reply to the government's response. (Dkt. No. 12, Movant's Reply 3.)

4

appeal, the Court of Appeals determined that the sentence did not violate *Booker*, and that the Court's factual findings supporting the enhancements were not in error because Movant conceded the factual basis for the enhancements. *Id.* at 3-4. A claim reviewed on direct appeal may not be re-litigated through a § 2255 motion unless "highly exceptional circumstances" are present, such as an intervening change in the law. *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Movant has not shown that any exceptional circumstances are present in the instant case. Therefore, Movant's challenge to the offense-level enhancements is barred from review in these proceedings.

### B. Ground Two: Ineffective Assistance of Trial Counsel

Movant contends that his trial counsel was ineffective for failing to object to the enhancement of Movant's offense level at sentencing on the basis of *Booker*. In order to prevail on a claim of ineffective assistance, Movant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced Movant and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. In determining whether counsel's performance was deficient, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689-90. In determining whether counsel's

5

performance was prejudicial, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Courts are not required to conduct an analysis under both prongs of the *Strickland* test, if the claim can be disposed under one prong. *Id.* at 697; *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003); *Butler v. Renico*, 255 F. App'x 939, 945 (6th Cir. 2007) (unpublished).

The Court of Appeals for the Sixth Circuit has already reviewed Movant's *Booker* claim regarding the enhancements to his offense level and determined that it is without merit. *Miller*, No. 05-2573, slip op. at 3-4. Thus, Movant cannot show that he was prejudiced by failing to raise a *Booker* objection because such an objection would have been futile.

Movant apparently takes issue with the enhancement under U.S.S.G. § 2K.2.1(b)(5) because, by his account, there is insufficient evidence that the firearm at issue was used to further the drug offense for which he was charged. To the extent that Movant contends that his counsel should have objected that the underlying facts and evidence did not support the enhancement, Movant has not shown that he is entitled to relief. At the sentencing hearing, Movant testified that he kept the firearm in his nightstand. (File No. 1:05-CR-077, 11/02/2005 Sentencing Tr. 10.) Subsequently, Movant's counsel acknowledged that there were "scales and drugs found as well as money in the bedroom, and . . . drugs found in the nightstand . . . ." (*Id.* at 15.) Movant's counsel indicated that he did not file an objection to

6

the enhancement because, as he had discussed with Movant prior to the hearing, "there were several cases that I believed controlled this issue that went against [Movant's] position." (*Id.*) Consistent with counsel's statement at sentencing, the Sixth Circuit has broadly applied the "in connection with" requirement of U.S.S.G. § 2K2.1(b)(5) and has upheld the application of this enhancement in similar circumstances. *See United States v. Hardin*, 248 F.3d 489, 500 (6th Cir. 2001) (applying the § 2K2.1(b)(5) enhancement where the defendant stored drugs and the firearm in his room, next to his bed). Movant has not identified, and the Court is not aware of, any authority that would require a different result. "[C]ounsel is not required to make frivolous objections to avoid a charge of ineffective representation." *Yannott v. United States*, No 95-1958, 1996 WL 279182, at *2 (6th Cir. May 23, 1996) (unpublished) (citing *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986)); *cf. United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999) (unpublished) (finding that "allegedly incorrect estimates of the offense level by defense counsel . . . standing alone, do not constitute ineffective assistance of counsel"). Accordingly, Movant has not shown that he was prejudiced, or that counsel's conduct was objectively unreasonable, when counsel did not file an objection to the foregoing enhancements to his offense level.

**C. Ground Three: Ineffective Assistance of Appellate Counsel**

Movant also argues that his appellate counsel was ineffective for failing to fully prosecute Movant's direct appeal, thereby depriving Movant of the right to an attorney on

7

appeal. The Supreme Court has set forth the procedural requirements that counsel must honor when seeking to avoid proceeding with a frivolous appeal:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [to] the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.
>
> If it so finds [the court] may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits . . . it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders v. California*, 386 U.S. 738, 744 (1967). The record reflects that counsel and the Sixth Circuit took the steps required under *Anders*. Appellate counsel "thoroughly reviewed the transcripts and trial court pleadings in search of a viable issue for appeal." (Dkt. No. 8-2, 01/14/2008 Harvey Aff. ¶ 6.) After concluding that an appeal would be frivolous, counsel filed an *Anders* brief[2] and notified Movant of his right to file a response. *Id.* at ¶ 7. Movant did not file a response brief, but filed a motion for the appointment of new counsel and for an extension of time to file an appellate brief. *See Miller*, No. 05-2573, slip op. at 4. After considering the issues raised in counsel's *Anders* brief, the Sixth Circuit granted counsel's motion to withdraw, affirmed the conviction and sentence, and denied Movant's motion. *Id.*

---

[2]Appellate counsel's *Anders* brief raised three issues: (1) whether Movant entered a valid guilty plea, (2) whether trial counsel provided ineffective assistance, and (3) whether the Court correctly sentenced Movant. *See Miller*, No. 05-2573, slip op. at 2.

Thus, because the procedures set forth in *Anders* were correctly followed, counsel was not ineffective in representing Movant on appeal.

## IV. Conclusion

Movant's challenge to his sentence enhancements is barred from review in these proceedings because it was considered on direct appeal. Moreover, Movant's claim of ineffective assistance of trial counsel fails because Movant cannot show that he was prejudiced or that counsel was objectively unreasonable for failing to object to the sentencing enhancements. Finally, Movant's appellate counsel was not ineffective because counsel correctly followed the *Anders* procedure in withdrawing from a frivolous proceeding. For the foregoing reasons, Movant is not entitled to relief under § 2255.

Having determined that none of Movant's claims merits granting his § 2255 motion, the Court may also determine whether to issue a certificate of appealability. *Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002). A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court of Appeals for the Sixth Circuit has disapproved of the issuance of blanket denials of certificates of appealability. *See Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Instead, the Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). Consequently, this Court has examined each of Movant's claims under the *Slack* standard.

To warrant the grant of a certificate, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists would not find this Court's assessment of Movant's claims, including its assessment of the bar to the claim that was addressed on direct appeal, debatable or wrong. Therefore, the Court will deny Movant a certificate of appealability as to each issue presented.

An order and judgment will be entered that are consistent with this opinion.


Dated: <u>November 25, 2009</u>                   <u>/s/ Robert Holmes Bell          </u>
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE